# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DANIEL APONTE,**

        **Plaintiff,**

**-vs-**                                                               **Case No. 6:12-cv-32-Orl-DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION,**

        **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for Disability Insurance benefits under the Social Security Act. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on January 30, 2007, alleging that he had been disabled since November 16, 2006 (R. 311). This application was denied initially and upon reconsideration, and Plaintiff requested and received an administrative hearing before an Administrative Law Judge ("ALJ"). An unfavorable hearing decision issued May 14, 2010 (R. 167-181). Plaintiff sought administrative review and, on February 8, 2011, the Appeals Council remanded the case for further administrative action (R. 188-191). After a supplemental hearing before a different ALJ, another unfavorable decision was issued on July 26, 2011 (R. 17-38). The Appeals Council declined further review, making the July 2011 decision the final decision of the Commissioner.

Plaintiff timely filed his complaint in this action, and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. The matter has been fully briefed and the case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## Nature of Claimed Disability

Plaintiff alleged that he was disabled beginning on November 16, 2006,[1] due to "problems with right arm, back injuries," obesity, and anxiety/depression (R. 311, 344, 350-357, 362, 388-395).

*Summary of Evidence before the ALJ*

Plaintiff was 38 years old on December 31, 2009, the date his insured status expired (R. 22, 311), with a twelfth grade education, some college coursework, and past relevant work experience as an investigator and a corrections officer (R. 344-45, 348, 411).

The medical evidence relating to the pertinent time period is exceptionally well detailed in the ALJ's lengthy opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert, written forms and reports completed by Plaintiff, and opinions from examining and non-examining consultants. By way of summary, the ALJ determined that Plaintiff had the following severe impairments: (1) lumbar degenerative disc disease, (2) radial tunnel supinator syndrome, (3) carpal tunnel syndrome, (4) depressive disorder, and (5) anxiety disorder (R. 24), and the record supports this uncontested finding. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appx. 1 (R. 25-27), and found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) (R. 27). The ALJ specified:

---

[1] This Court affirmed denial of a prior application. *See Aponte v. Commissioner of Soc. Sec.*, Case No. 6:07-cv-1876-Orl-DAB, 2009 WL 129629 (M.D. Fla. Jan. 20, 2009).

> The claimant can lift and carry 20 pounds occasionally and 10 pounds frequently; can walk or stand for 2 hours and sit for 6 hours in an 8-hour day; can frequently reach overhead, and perform floor level reaching; can frequently crouch, stoop, twist, handle, and finger; can perform simple, firm grasping and fine motor manipulations; can climb stairs and kneel occasionally; can perform simple, routine, repetitive tasks, with brief lapses in concentration, persistence or pace of 1 to 2 minutes; and can perform 2 to 3 task activities.

(R. 27-28).

The ALJ then determined that Plaintiff could not perform any past relevant work (R. 36-7). Relying on the testimony of a Vocational Expert, the ALJ found that there were other jobs in the national economy that Plaintiff could perform (R. 37-8). As such, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from November 16, 2006, the alleged onset date, through December 31, 2009, the date last insured (R. 38).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable

-3-

as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises three issues on review, contending that: 1) the ALJ's analysis of the treating physician's opinion in this case contained errors; 2) the ALJ substituted her judgment for that of the medical experts in this case; and 3) the credibility determination was flawed. The Court treats each objection, in turn.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). Here, the ALJ determined at Step 5 that Plaintiff could perform work in the national economy. The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

*Evaluation of Opinion Evidence*

In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id.* (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).) Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan, supra; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or

contradict the opinion. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2).

Applied here, Plaintiff objects to the evaluation of the numerous treating physicians in this case, asserting:

> The ALJ in this case lists in bullet order, the treating evidence in terms of Mr. Aponte's arm impairment and back impairment. (R. pp. 30-32). She then went through each treating physician's opinion, and stated that she was rejecting that treating physician's opinion because it was "inconsistent with the objective medical evidence of record" (R. pp. 32-35), without specifying what evidence the opinion was inconsistent with. (R. pp. 32-35).

(Doc. 19 at p. 17). Plaintiff contends that this is error; citing to the evaluation of Dr. Nodal as being "especially troublesome," in that "there is no reference to any particular medical evidence of record which Dr. Nodal's opinions are either consistent with, or in the case of sitting, inconsistent with." *Id.* at 18. Plaintiff cites to other evidence which he contends supports the medical opinions and asserts that the ALJ "has simply thrown up all of the medical evidence and stated the opinions are inconsistent with it in hopes that the accusation will stick to at least some of the listed evidence." *Id.*

The Court agrees with Plaintiff that a general finding that an opinion is inconsistent with the record, without more, does not meet the Eleventh Circuit standard for evaluating opinion evidence. This, however, is not an accurate description of the ALJ's evaluation of the opinion evidence here. The ALJ's decision is exceptionally detailed, summarizing all of the treatment records and testimony, noting contradictions and inconsistencies throughout. With respect to Dr. Nodal, for example, the ALJ noted:

> In June 2008, the claimant's treating physician, Dr. Nodal, prescribed a wheelchair noting that the claimant has a disc bulge at L4-5 and grade I posterolisthesis, loss of disc hydration and disc bulge which narrows the neural foramina. He noted that these conditions cause severe pain and painful paresthesias in both lower extremities after standing or walking for more than 10-15 minutes (Exhibit 25F/14). He also notes that the claimant is unable to operate a manual wheelchair due to his deficit in upper extremity function and thus he will need an electric chair (Exhibit 25F/2). This is

>   unusual especially in light of the fact the claimant has a somewhat normal gait, with no focal weakness and could walk at a reasonable pace (see above). Additionally, the claimant reported in a disability report submitted in April 2007, that he is able to drive (Exhibit 4E/4) and there is no indication that his right arm problem has worsened since then. When examined by other physicians, the claimant had normal extremities, back and neurological exams (Exhibits 22F/2, 8,19; 28F/2,22, 38; 32F/2).

(R. 31-32).

Contrary to Plaintiff's assertion, the decision reflects that the ALJ weighed each medical opinion and set forth a specific rationale for her conclusions (R. 32-35). With respect to Dr. Nodal, the ALJ stated:

>   Raul F. Nodal, M.D., filled out a Physical Capabilities Evaluation regarding the claimant on October 28, 2008, with the claimant's diagnosis being lumbar spinal lateral stenosis, degenerative disc disease, right anterior interosseous syndrome, right carpal tunnel syndrome, right ulnar entrapment neuropathy at the wrist. This is backed up by a nerve conduction study on February 14, 2008. The claimant can sit, stand or walk for 2 hours in an 8-hour workday and at one time can sit, stand or walk for 30 minutes. The claimant does not need to take rest breaks beyond the normal lunch break of 1/2 to 1 hour and morning and afternoon breaks of 10 to 15 minutes. The claimant can lift and carry 20 pounds occasionally and 10 pounds frequently (Exhibits 27F, 33F). The undersigned has assigned some weight to Dr. Nodal's opinion, as it is generally consistent with the objective medical evidence of record. The undersigned agrees with 1) the claimant's lifting and carrying ability 2) the claimant's lack of a need for rest breaks beyond the normal lunch, morning and afternoon breaks and 3) the claimant's ability to stand and walk for 2 hours. However, the undersigned assigns little weight to the estimate of the claimant's ability to sit for only 2 hours, as it is inconsistent with the objective medical evidence of record. It is noted that although carpal tunnel syndrome is listed in the diagnosis, that there are no restrictions in the evaluation due to carpal tunnel syndrome. Dr. Nodal's treatment notes are inconsistent with the sitting restrictions set out above (Exhibit 21F). It is noted that the claimant did not comply with the recommendations of Dr. Nodal, and therefore Dr. Nodal terminated the claimant as a patient of his office (Exhibit 33F/l).

(R. 33).

As is clear, far from merely "throwing up the medical evidence," the ALJ set forth Dr. Nodal's opinion, assigned it partial weight, and detailed what was credited and why. Although Plaintiff cites to contrary record evidence which tends to support certain of the opinions, it is for the ALJ to weigh

conflicting evidence. As long as the ALJ's evaluation is supported by substantial evidence,[2] as it is here, it will not be disturbed.[3]

Plaintiff next contends that the ALJ erred in giving great weight to the opinions of an agency consultant with no medical training. Plaintiff argues (correctly) that a single decision maker is not an accepted medical source. As this Court has noted previously, however:

> Even assuming, without deciding, that the ALJ should not have considered this evidence, that does not necessarily warrant reversal or remand. As set forth above, the standard on review is whether the determination is supported by substantial evidence. "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, *even if the proof preponderates against it.*" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (emphasis added). Thus, if substantial evidence other than the opinion of the non-physician supports the determination, the Court must affirm.

*See Agudelo v. Commissioner of Social Security*, No. 6:10-cv-682-Orl-28DAB, 2011 WL 1660614, at *3 (M.D. Fla. April 8, 2011), *adopted by* 2011 WL 1659377 (M.D. Fla. May 3, 2011). Substantial evidence other than the consultant's evaluation supports this determination here.

For similar reasons, the Court finds no error in the ALJ's reliance on the report of a physical therapist. Plaintiff underwent a Functional Capacity Evaluation with a physical therapist, upon referral of Dr. Nodal (R. 756-771). The purpose of the testing was to determine baseline functional ability (R. 756). Upon completion of all of the testing, the physical therapist concluded that Plaintiff was "currently functionally capable of activity at the Light Physical Demand Level." *Id.* The ALJ summarized this report, including the therapist's findings that Plaintiff demonstrated a maximum

---

[2] Plaintiff notes that the ALJ has rejected portions of all of the treating physician's opinions, making the ALJ's decision "contrary to the weight of the evidence." The standard of review, however, is not whether the decision is supported by the majority of the evidence but whether it is supported by substantial evidence. As noted above, where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The decision here is amply supported.

[3] Plaintiff appears to object to the evaluation of all of the medical opinions, but specifies only Dr. Nodal in his brief. A review of the ALJ's decision shows that each opinion was evaluated and, if discredited, the reasons were appropriately set forth. *See* R. 32-35.

occasional waist to shoulder lift of 20 pounds, was able to sit, stand, reach overhead, at waist level and perform floor level reaching, crouching, stooping, and twisting; could perform object handling, fingering, simple/firm grasp, and fine/gross manipulation on a frequent basis, and was able to walk, climb stairs, and kneel on an occasional basis (R. 35). The ALJ also noted the therapist's findings of "self-limiting behaviors demonstrated by the claimant during stair climbing and reaching activities, evident through moderate pain complaints in the lumbar spine without significant physiological changes in heart rate or respirations (Exhibit 26F)." (R. 35). The ALJ assigned great weight to this opinion, as being consistent with the objective medical evidence of record. *Id.*

As this Court found in Plaintiff's prior case: "A physical therapist is not a treating physician, and his or her opinion is not entitled to automatic and great deference, under the Social Security regulations." *Aponte v. Commissioner Of Social Sec.*, 2009 WL 129629, *3 (M.D. Fla.2009) (*citing* 20 C.F.R. § 404.1513; *Freeman v. Barnhart*, 220 Fed. Appx. 957 (11th Cir.2007)). However, such an opinion is entitled to consideration as an "other source." *Id.* Here, the ALJ favorably considered this opinion, and based her RFC finding on this *and other* evidence, including portions of the treating physician's opinions. *See* R. 36. Considering that the treating physician referred Plaintiff to this therapist for the evaluation and noted the conclusions in his treatment notes (R. 1181, 1184, 1187), the Court finds no error in the ALJ's consideration of the evaluation.

*Substituting a "hunch" and the credibility determination*

Plaintiff next contends that the ALJ improperly "substitute[d] her own hunch or intuition throughout her rejection of the treating physician's opinions," *citing Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir.1982) (Doc. 19 at p. 20). The ALJ properly evaluated the opinion evidence and her findings as to the weight given to the opinions are supported by the record evidence she cites, not

"hunches."[4] This contention appears to be no more than an invitation to reweigh the evidence to reach a different conclusion, which the Court declines. "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Phillips, supra,* 357 F.3d at 1240 n. 8 (internal quotation and citation omitted).

The final objection goes to whether the ALJ appropriately evaluated Plaintiff's credibility. A claimant may seek to establish that he has a disability through his own testimony regarding pain or other subjective symptoms. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). "In such a case, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Id.* Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

Plaintiff contends that the ALJ did not meet this standard because "the ALJ's credibility determination does not give enough specifics about why she finds him not credible" and, conversely, the reasons she does mention are not accurate. The ALJ found: "the claimant's testimony and subjective statements regarding his pain and limitations are credible to the extent of establishing that

---

[4]Plaintiff cites to the ALJ's evaluation of Dr. Stewart as "second guessing" his opinion, and "the ALJ's finding that [Plaintiff's] condition did not merit the limitations suggested by Dr. Stewart is improper." The ALJ, however, did not second guess the opinion; she discounted it, noting that it was 1) inconsistent with the medical record; 2) was based on only one treatment visit prior to the date last insured; 3) was not supported by the imaging studies at this visit or the treatment notes, including normal gait, normal deep tendon reflexes and full range of motion of the hips, knees and ankles; and 4) was based solely on subjective complaints which the ALJ found to be not credible (R. 33-34). As these reasons are supported by substantial evidence, the evaluation of this opinion is not improper.

-10-

he has a combination of severe impairments, but not fully credible to the extent of establishing that these impairments are so severe as to preclude him from performing substantial gainful activity as required under Social Security rules and regulations." (R. 35). The ALJ discussed several specific factors in support of this conclusion, noting: 1) "the allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty;" 2) the limitations could be due to other reasons, in view of the "relatively weak medical evidence;" 3) "The claimant's medical treatment history, as set out above, is unremarkable for substantiating medical impairments of such a severity to be of disabling proportions. The claimant has not generally received the type of medical treatment one would expect for a totally disabled individual" (with specific record evidence detailed); 4) medication has been relatively effective in controlling his symptoms; 5) claimant did not comply with treatment recommendations and was terminated by his provider; and 6) the physical therapist noted self-limiting behaviors in testing (R. 36). While the Court agrees that requiring allegations to be objectively verified is not an appropriate standard, the ALJ detailed several other reasons supporting her credibility finding, all of which are amply supported by record evidence. While Plaintiff disagrees that the evidence of disability is "weak," the ALJ has adequately identified enough specific evidence to support her ultimate conclusion regarding credibility.

A final note is in order. Although it is evident that Plaintiff has challenges and difficulties on many fronts, the only issue before the Court is whether the decision by the Commissioner is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, it must affirm the decision.

## Conclusion

For the reasons set forth above, the administrative decision is **AFFIRMED.** The Clerk is directed to enter judgment accordingly, terminate all pending matters, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on January 17, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record